UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FIRST CASH, INC. F/K/A FIRST CASH FINANCIAL SERVICES, INC.,**

 Plaintiff,

v.              No. 4:20-cv-1247-P

**CHADBORNE T. SHARPE,**

 Defendant.

## MEMORANDUM OPINION & ORDER

 On July 28, 2021, the Court signed an Order granting Defendant Chadborne T. Sharpe's Motion to Dismiss based on the first-to-file rule. *See* Dismissal Order, ECF No. 45. The Court signed a Final Judgment the same day dismissing Plaintiff First Cash, Inc.'s claims without prejudice. *See* ECF No. 46. First Cash subsequently filed a Motion for New Trial and Supporting Brief (ECF Nos. 47–48) in which it contends that the Court committed clear error because the first-to-file rule is inapplicable when the first-filed case is a state court case and because First Cash's live complaint was to compel arbitration and not simply a request for a declaratory judgment. *See id.* Pursuant to the Court's Order, Sharpe filed a response (ECF No. 52) and brief in opposition (ECF No. 53) and First Cash filed a reply (ECF No. 56). The Court then conducted a hearing on the Motion for New Trial at which the Court heard arguments from counsel. ECF No. 61.

 After considering the foregoing, and for the reasons described below, the Court concludes that Motion will be **GRANTED.**

## BACKGROUND[1]

This lawsuit arises out of a dispute between Sharpe and First Cash involving certain asset purchase agreements for the sale and purchase of pawn shops in North Carolina. Dismissal Order at 1–2. First Cash asserts that the agreements contain arbitration provisions, so First Cash initiated an arbitration action on or about June 12, 2019. *Id.* at 3. Sharpe then challenged the arbitration proceeding by filing a lawsuit in North Carolina state court. *Id.* at 4. After the North Carolina state court action entered an order staying the arbitration, First Cash filed the instant lawsuit seeking to compel arbitration. *Id.*; *see also* ECF No. 1.

Sharpe filed a Motion to Dismiss (ECF No. 20) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). Relevant here was Sharpe's argument that Rule 12(b)(1) required dismissal for lack of jurisdiction under the first-to-file rule. *Id.* at 9–12. On July 28, 2021, the Court issued an order granting Sharpe's Motion to Dismiss. *See* Dismissal Order. The Court concluded that it had subject matter jurisdiction but declined to exercise jurisdiction and dismissed pursuant to the first-to-file rule. *Id.* at 7–10.

First Cash filed a Motion for New Trial, arguing that the Court committed clear error by applying the wrong legal standard, which in turn, caused a manifest injustice—dismissal of First Cash's case.

## LEGAL STANDARD

A district court has the power to grant a motion for new trial when it is necessary to prevent an injustice. *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995); *see also* FED. R. CIV. P. 59(a) (providing that the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court"). The decision to grant or deny a Rule 59(a) is within the district court's considerable discretion. *Id.* (citing *Treadaway v. Societe Anonyme Louis–Dreyfus*, 894 F.2d 161, 164 (5th Cir. 1990)).

---

[1]Because the Court's factual recitation is not challenged in the Motion for New Trial, the Court provides an abbreviated background relevant to this Memorandum Opinion and Order.

## ANALYSIS

First Cash's Motion for New Trial does not contend that the Court erred in its factual recitation. Rather, First Cash contends that the Court applied the wrong law and thus engaged in a flawed analysis. Mot. for New Tr. Br. at 2, ECF No. 48. Sharpe disputes First Cash's Motion in its entirety but argues that even if the Court applies the law that First Cash presents, the result is still the same: dismissal. *See generally* Resp. to Mot. for New Tr. Br.

### A. The First-to-File Rule and *Brillhart* Standard Are Inapplicable

The Court agrees with First Cash's position that the first-to-file rule is inapplicable when the competing cases involve a pending federal case and pending state case. In *American Bankers Life Assurance Co. of Florida v. Overton*, the Fifth Circuit panel considered and rejected the argument that the first-to-file rule applies when both cases are not in federal court:

> We find no indication from case law that the 'first-to-file' rule plays a part in the circumstance that we face today— two actions pending, but one is in *state* court and the other in *federal* court. As American Bankers correctly points out in its reply brief, the 'first-to-file' rule applies only when two similar actions are pending in two *federal* courts[.]

*Am. Bankers Life Assurance Co. of Fl. v. Overton*, 128 F. App'x 399, 403 (5th Cir. 2005). The opinion included a footnote that cited a host of Fifth Circuit cases to support the proposition that the first-to-file rule is not implicated when the two cases are state and federal. *See id.* at n.16 (citing *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.")); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The 'first to file' rule is grounded in principles of comity and sound judicial administration. The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid

interference with each other's affairs." (citations and quotations omitted)); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) ("The *West Gulf* and *First City* cases deal with the so-called first-to-file rule, which comes into play when a plaintiff files similar lawsuits in two different federal districts."); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) ("To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district.").

Accordingly, to the extent the Court's Dismissal Order held that the first-to-file rule applied, the holding was in error and is withdrawn.

Relatedly, First Cash challenges that the Court incorrectly applied the *Brillhart* standard because its lawsuit seeks to compel arbitration and thus does not sound solely in declaratory judgment. Mot. for New Tr. Br. at 12–14. The Court agrees that First Cash's complaint is an application to compel arbitration and does not sound solely in declaratory judgment. Indeed, the Court's Dismissal Order properly characterized First Cash's complaint as seeking to compel arbitration and for declaratory relief: "First Cash filed suit in this district and division wishing to compel arbitration and seeking a declaratory judgment that there is a valid arbitration agreement between the parties . . . ." Dismissal Order at 4. The Court, however, understands the confusion because the legal standard section of the Dismissal Order erroneously quoted *Brillhart v. Excess Ins. Co. of Am.* 316 U.S. 491 (1942) to explain the Court's discretion to decline to exercise jurisdiction "over a lawsuit seeking declaratory judgment[.]" *Id.* at 5. The Court then proceeded to apply the analysis in *Mann Manufacturing v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)—a patent infringement case in which the Fifth Circuit dissolved a preliminary injunction that the Texas district court had entered, preventing a party from filing or setting a motion about the same patent in a case in the New York district court that had been filed first.

Therefore, to the extent the Court erroneously applied the *Brillhart* standard, the Court erred.

4

## B. The Exceptional Circumstances Test Does Not Support Dismissal

Sharpe asserts that if the Court concludes the correct standard is the exceptional circumstances, dismissal is still proper.

When there are parallel proceedings involving the same parties and the same issues, the Court applies the "exceptional circumstances" test outlined in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983), to determine whether to abstain from exercising jurisdiction. This requires the Court consider the following six factors:

> (1) whether either court first assumed jurisdiction over property,
> (2) whether the federal forum is inconvenient,
> (3) the desirability of avoiding piecemeal litigation,
> (4) the order in which jurisdiction was obtained by the concurrent forums,
> (5) whether federal law provides the rules of decision on the merits, and
> (6) whether the state court can adequately protect the rights of the party invoking federal jurisdiction.

*HCC Aviation Ins. Grp., Inc. v. Emps. Reinsurance Corp.*, No. 3:05-CV-744M, 2005 WL 1630060, at *2 (N.D. Tex. June 30, 2005) (Lynn, J.). These factors are not "a mere checklist," but instead require a careful balancing "with the balance weighted heavily in favor of exercising federal jurisdiction." *Id.* (citing *Moses H. Cone*, 460 U.S. at 16).

There is no property at issue, so the first factor does not favor abstention. First Cash sets forth evidence that Texas would be just as convenient as the North Carolina state court (Reply in Supp. of Mot. for New Tr. at 9, ECF No. 56), and although the North Carolina action was filed first, it was filed after First Cash sought to initiate arbitration. *Id.* Moreover, the applicability *vel non* of the Federal Arbitration Act ("FAA") is important to this dispute, and if the FAA is applicable, the North Carolina state court has arguably demonstrated indifference to it.

5

The final factor concerns piecemeal litigation, which likely weighs in favor of abstention.

Considering these factors under the exceptional-circumstances-test, with ample weight given to the exercise of federal jurisdiction, the Court concludes that declining to exercise jurisdiction is improper.

### ORDER

Accordingly, it is **ORDERED** that the Motion for New Trial should be, and is hereby, **GRANTED.**

Therefore, the Clerk is instructed to **REINSTATE** this case to the Court's active docket. The docket should reflect that Sharpe's Motion for Summary Judgment (ECF No. 42) and First Cash's Motion for Summary Judgment (ECF No. 37) and Motion to Compel Arbitration (ECF No. 40) remain pending. It is **ORDERED** that both parties are granted leave of court to file responses to these motions, which are due **on or before December 13, 2021**, and replies, which are due 14 days from the date of the responses.

It is further **ORDERED** that Sharpe is granted leave of court to refile any portion of his Motions to Dismiss not addressed in this Order, including but not limited to his Motion to Dismiss for improper venue and lack of personal jurisdiction. Sharpe's deadline to file a renewed Motion to Dismiss is **on or before December 10, 2021.**

**SO ORDERED** on this **24th day** of **November 2021.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE